```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
ASHLEY SIMMONS,

                    Petitioner,                    MEMORANDUM AND ORDER
                                                   12 CV 4693 (ILG)
        -against-

UNITED STATES OF AMERICA,

                    Respondent.
------------------------------------------------x
```
GLASSER, United States District Judge:

Simmons was sentenced on November 13, 2009, to imprisonment for a term of 105 months following his plea of guilty to access device fraud in violation of 18 U.S.C. § 1029. His conviction and sentence was affirmed on appeal on December 19, 2011. On January 3, 2012, Simmons filed a petition for a re-hearing which the Court of Appeals denied. On September 19, 2012, Simmons filed a petition pursuant to 28 U.S.C. § 2255 to vacate and set aside his sentence claiming ineffective assistance of counsel. The government was ordered to show cause why the relief he requested should not be granted by filing its papers in opposition on or before October 20, 2012. No reply was requested or directed. Docket No. 4. Several requests for an extension of time to file its opposition were granted. On December 21, 2012, that opposition was filed, consisting of a 31 page Memorandum of Law, 112 pages from the record on appeal, transcripts of the proceedings at which Simmons pleaded guilty and was sentenced, and several assorted letters. Docket No. 10. On January 22, 2013, Simmons requested permission to file a reply, which was denied. His petition is remarkable for its brazenness given his criminal history which included continuing to conduct his criminal business while incarcerated at the MDC. His claim of being ineffectively assisted by counsel for not making arguments

which were raised and rejected on appeal calls to mind Judge Friendly's provocative question "Is Innocence Irrelevant," Collateral Attack on Criminal Judgment, 38 U. Chi. L. Rev. 142 (1970). Simmons doesn't protest his innocence and wrongful conviction, nor does he question the validity of his knowing and voluntary plea of guilty. He rails instead against a guideline arrived at by considering his role in the offenses and the amount of loss suffered by his victims. His petition is meritless.

Were the Court to embark upon a discussion of Strickland v. Washington, 466 U.S. 668 (1984), the holding of which one could arguably take judicial notice of and of the facts compelling the conclusion that the guidelines calculation was correct, it would amount to a thinly disguised plagiarism of the government's exhaustive submission in opposition which I, instead, adopt and incorporate herein in denying his petition.

SO ORDERED.

Dated:   Brooklyn, New York
         February 4, 2013

                                              s/ILG
                                         _____
                                         I. Leo Glasser

Filed by ECF and copy mailed to:
Ashley Simmons
45233-053
Box 2000
Ft. Dix, NJ 08640