UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
ASHLEY SIMMONS,

                  Petitioner,

   - against -

UNITED STATES OF AMERICA,

                  Respondent.
------------------------------------------------------x

MEMORANDUM AND ORDER

12 Civ. 04693 (ILG)

GLASSER, Senior United States District Judge:

      Petitioner Ashley Simmons ("Simmons") was sentenced on November 13, 2009, to imprisonment for 105 months following his guilty plea to access device fraud in violation of 18 U.S.C. § 1029. On June 7, 2011, he filed a direct appeal in which he argued that the Court erred by failing to make sufficient factual findings to support its imposition of a four-level leadership enhancement to his sentence, pursuant to U.S.S.G. § 3B1.1(a). The Second Circuit rejected Simmons' claim and affirmed the Judgment of this Court by summary order. United States v. Simmons, 441 Fed. App'x. 810 (2d Cir. 2011). On January 3, 2012, Simmons filed a petition for rehearing, which the Second Circuit denied. Order, United States v. Simmons, No. 09-5086-cr (2d Cir. Feb. 7, 2012).

      On September 17, 2012, Simmons filed a petition pursuant to 28 U.S.C. § 2255 to vacate and set aside his sentence. Again, Simmons argued that the Court incorrectly applied a four-level leadership enhancement to his sentence. Simmons also claimed that he was ineffectively assisted by counsel, who did not make the sentencing arguments that had been raised and rejected on appeal. The government filed its opposition, and on January 22, 2013, Simmons requested permission to file a reply, which was denied. Memorandum and Order, 12 CV 4693, Dkt. No. 13. The Court

1

denied Simmons' § 2255 petition on February 4, 2013. Memorandum and Order, 12 CV 4693, Dkt. No. 14. On February 14, 2013, Simmons filed a Notice of Appeal from that Order. Dkt. No. 15. On February 28, this Court issued a denial of a Certificate of Appealability (Dkt. No. 16), and on August 12, 2013, the Court of Appeals issued its Mandate denying a Certificate of Appealability and his request for leave to proceed in forma pauperis. Mandate, 12 CV 4693, Dkt. No. 17. On January 13, 2014, the Supreme Court of the United States denied his petition for a writ of certiorari. Simmons v. United States, 134 S. Ct. 944 (2014).

On July 21, 2014, Simmons filed this pending motion pursuant to Federal Rule of Civil Procedure 60(b), seeking relief from the denial of his § 2255 petition. In his motion, Simmons asserts that the Court (1) improperly denied him his asserted right to submit a reply to the government's response in opposition to his motion and (2) erred in holding that his ineffective assistance of counsel argument had already been raised and rejected on appeal. See Petitioner's Motion, Dkt. No. 18 at 1-3 ("Motion"). For the reasons that follow, the motion is DENIED.

## I. Denial of Simmons' Request to File a Reply

To support his asserted right to file a reply, Simmons cites Rule 5(d) of the Rules Governing Section 2255 Proceedings, which states "[t]he moving party *may* submit a reply to the respondent's answer or other pleading within a time fixed by the judge." Motion at 1-2 (citing 28 U.S.C. § Proc. R. 5(d) (emphasis added)). Contrary to Simmons' assertion, the Rule's plain language does not mandate a reply. The Advisory Committee Notes further affirm that "there is nothing in § 2255 which corresponds to the . . . requirement of a traverse to the answer." Advisory Committee Notes to Rule 5, Rules Governing Section 2255 Proceedings. Furthermore, other courts have held that a § 2255

2

petitioner has no right to a reply brief. See, e.g., United States v. Smith, 869 F.2d 835, 837-38 (5th Cir. 1989) (rules under § 2255 do not permit traverse pleadings, unless the Government moves for dismissal under Rule 9 for delayed successive motions); Terrell v. United States, No. 3:12-cv-233-FDW, 2014 WL 1203286, at *1 (W.D.N.C. Mar. 24, 2014) ("There is . . . no absolute right for a Petitioner to file a Reply to the Government's Response in an action brought under § 2255.").

Simmons also argues that the denial of his request to file a reply violated the Second Circuit's directive to "make reasonable allowances to protect pro se litigants." Motion at 2 (citing Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)). The Second Circuit's ruling in Traguth applies to protect the "important rights" of pro se litigants. 710 F.2d at 95; see also Pliler v. Ford, 542 U.S. 225, 231-32 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."). It does not apply here, where the petitioner has no right to a reply. Simmons cannot use his pro se status to reformulate the relevant procedural rules governing § 2255 proceedings. He was not entitled to file a reply, and thus it was not a procedural error to deny his request.

## II.  Ineffective Assistance of Counsel

Simmons claims that the Court erred in finding that his arguments were "raised and rejected on appeal" because he did not raise an ineffective assistance of counsel claim on appeal. See Motion at 3. In his § 2255 petition, Simmons' claim that his counsel was ineffective for not making the sentencing arguments that were raised on appeal is wrong. He was represented at sentencing by Jason Russo, and at the beginning of the Summary Order of the Court of Appeals, supra, at *1, it observes that ". . . Simmons objected at sentencing to the district court's application of the U.S.S.G. § 3B1.1(a) enhancement . . ." and having rejected his objection, he cannot reargue it in his

3

§ 2255 petition. See United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997); Slevin v. United States, No. 98 Civ. 0904, 1999 WL 549010, at *4 (S.D.N.Y. July 28, 1999) ("[p]etitioner cannot in a § 2255 motion reargue the substance of claims the Court of Appeals has already rejected simply by introducing those claims with 'Counsel failed to argue. . . .'").

The claim is also inappropriately brought in this motion under Rule 60(b). The Second Circuit has held that "[r]elief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004); see also Brooks v. United States, No-CV-99-5855, 2005 WL 2076565, at *5 (E.D.N.Y. Aug. 26, 2005) ("If the [Rule 60(b)] motion relates to the integrity of the conviction (or sentence) and not the prior habeas proceeding, then the motion is, in actuality, a successive § 2255 petition . . .). The district court has authority to deny, as beyond the scope of Rule 60(b), the portion it believes to present new attacks on the conviction or sentence. Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002); Vega v. United States, No. CV-99-3229, 2005 WL 1124512, at *3 (E.D.N.Y. May 10, 2005).

Simmons' argument regarding the denial of his misplaced ineffective assistance of counsel claim relates to the integrity of his sentence. Essentially, it is nothing more than a disguised successive § 2255 petition. Therefore, it is denied as beyond the scope of a Rule 60(b) motion.

The narrative history of this case related above reveals persistent litigation in this Court, the Court of Appeals, and the Supreme Court of the United States, raising issues consistently deemed meritless and making no claims of innocence. That litigious history

4

irresistibly recalls Justice Harlan's concurrence in Mackey v. United States, 401 U.S. 667, 690-91 (1971) as particularly appropriate here. He wrote:

> . . . If law, criminal or otherwise, is worth having and enforcing, it must at some time provide a definitive answer to the questions litigants present or else it never provides an answer at all. Surely it is an unpleasant task to strip a man of his freedom and subject him to institutional restraints. But this does not mean that in so doing, we should always be halting or tentative. No one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation on issues already resolved.
>     A rule of law that fails to take account of these finality interests would do more than subvert the criminal process itself. It would also seriously distort the very limited resources society has allocated to the criminal process. While men languish in jail, not uncommonly for over a year, awaiting a first trial on their guilt or innocence, it is not easy to justify expending substantial quantities of the time and energies of judges, prosecutors, and defense lawyers litigating the validity under present law of criminal convictions that were perfectly free from error when made final.

## CONCLUSION

For the reasons stated above, Simmons' motion pursuant to Rule 60(b) seeking relief from the Court's February 2013 Order is DENIED.

SO ORDERED.

Dated:     Brooklyn, New York
            September 15, 2014

/s/_____
I. Leo Glasser
Senior United States District Judge